## Shartel's Appeal.—Weist's Estate.

1. Releases from *cestuis que trust* to their trustees without the settlement of their account, are looked upon in law with jealousy.

2. Overreaching, mistake or fraud must be shown to set such releases aside.

3. All compromises and settlements by families are maintained, not only as beneficial in themselves, but as conducing to peace and harmony where it especially ought to exist.

January 26th 1870, at Philadelphia. Before THOMPSON, C. J., READ, SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Appeal from the decree of the Orphans' Court of *Northumberland county*, in the estate of Samuel Weist, deceased.

The decedent died on the 3d of January 1867 and administration of his estate was granted on the 31st of the same month, to John K. Weist and Jacob K. Weist, two of his sons. On the 11th of April 1868, the administrators filed an account of their administration, in which they charged themselves with the amount of the inventory, with the sale of real estate and increase on sale of goods, amounting in the whole to  .    .    .    $11,196.62

They craved credit for divers payments and "administrators' charges for services" ($566.30), amounting in the whole to  .    .    .    .    .    .    851.67

Leaving a balance due the estate of    .    .    10,344.95

On May 5th 1868, all the parties interested met at the man-

sion-house of the decedent, when the administrators exhibited a "distribution account" as follows:—

"Whole amount of estate, . . . . $11,599.23
Deduct administrators' charges, &c., . $863.67
Dower paid by Daniel Snyder, . . . ,770.16
                                    ————— 1633.83

Leaving for distribution, . . . . $9965.40
being $379.55 less than is exhibited in the account filed by the administrators on the 11th of April 1868."

At the same time the following release was executed by the heirs, including William Shartel and Justina his wife, she being one of the two daughters of the decedent:—

"Know all men by these presents, that we, Barbara Weist, intermarried with Daniel Snyder, Justina Weist, intermarried with William Shartel, &c., * * daughters of Samuel Weist, dec'd., do hereby acknowledge that we this day have had and received of and from John K. Weist and Jacob K. Weist, administrators of the estate of the said Samuel Weist, deceased, the sum of fourteen hundred and twenty-three dollars and sixty-two cents, our and each of our respective shares, in full satisfaction and payment of all such sum or sums of money, share or shares, purparts and dividends, which were due, owing and payable and belonging to us and each of us, &c., for or on account of our and each of our full share, part or dividend of the estate of our father, deceased, up to the date hereof; and therefore we, the said Barbara Weist, intermarried as aforesaid, and Daniel Snyder, her husband, Justina Weist, intermarried as aforesaid, and William Shartel, her husband, Hannah Weist, intermarried as aforesaid, &c., do by these presents remise, release, quit claim and for ever discharge the said John K. Weist and Jacob K. Weist, their heirs, executors and administrators of and from the said share or dividend of the estate aforesaid, and of and from all actions, suits, payments, accounts, reckonings, claims and demands whatsoever, for or by reason thereof, or of any other act, matter, cause or thing whatsoever, from the beginning of the world to the day of the date of these presents."

The account of the administrators, as filed April 11th, was confirmed nisi, August 4th 1868. On the same day William Shartel filed five exceptions to the account, four of them alleged that the administrators had not charged themselves with the whole amount of the estate, and the fifth that the commissions were too large. The exceptor at the same time petitioned the court to appoint an auditor to restate the account and report the facts. The court appointed J. Kay Clement, Esq., auditor, for the purposes prayed for.

The auditor, after stating the discrepancy between the two ac-

counts, reported: * * * "This discrepancy is not explained to the auditor, but, as the account set out on paper A (the distribution account) before referred to, was agreed to and adopted by the heirs in their settlement with the administrators, the auditor concludes that disbursements made by the administrators subsequent to filing their account, explain the difference between the two statements. He is further convinced in his opinion by the fact that no exception is directed to this difference between the statements in said two accounts, both of which are in evidence; and also, because the heirs, at the date of their settlement, executed final releases to the administrators."

After finding that $566.30 commissions were exorbitant, and that of the other exceptions, some were sustained and some not, the auditor proceeded: * * *

"And this brings the auditor to the consideration of the agreement of settlement between the heirs of the decedent and the administrators, and the release executed by the said heirs, contained in papers (C and D) annexed hereto, and part of the evidence in the case.

"The details of a settlement between the heirs and the administrators were reduced to writing. The amounts due from each heir to the estate, and the amounts due from the estate to each heir, were ascertained and set out in exhibits annexed hereto. They were agreed to by the heirs as correct and satisfactory, and releases drawn upon the basis of the settlement were executed by each of the heirs and delivered to the administrators.

"Justina Shartel, the exceptant, and William Shartel, her husband, who acts in her behalf, were both present at the settlement; both had the papers explained to them, particularly paper marked A. William Shartel personally examined the release." * *

After further discussing the questions submitted to him, the auditor concluded his report:—

"But it is idle to discuss this or any of the questions raised by the exceptions, if the auditor is correct in his views as to the effect of the release executed by William Shartel and his wife— the exceptants. The entire business of the settlement with the heirs, and the execution by the heirs of this release was conducted openly, and at least with apparent fairness. There is no evidence of any concealment, or any attempt at concealment; of any fraud, collusion or contrivance to deceive. The settlement seems to have been an amicable family arrangement previously considered, matured and agreed upon. The auditor is of the opinion that this release is a perfect estoppel, is final and conclusive upon the parties. If the court shall agree with the auditor in his opinion, then all exceptions are answered by it, and all must fall together.

[Shartel's Appeal.]

" The auditor, therefore, respectfully reports back the account submitted to him, intact as filed."

Shartel filed exceptions to the report, covering substantially the same questions as those considered by the auditor; also, that the auditor found that the release was a bar. He also petitioned the court to recommit the report to the auditor for re-examination and correction.

The court (Jordan, P. J.) refused to recommit the report, overruled all the exceptions and confirmed it absolutely.

Shartel appealed to the Supreme Court. The errors assigned were that the court refused to recommit the report to the auditor, and that they confirmed his report.

*T. B. Boyer* and *S. B. Wolverton*, for appellants.—The last account being different from the first, it was false, and the release would therefore not be binding: Wills's Appeal, 10 Harris 325; Witman's Appeal, 4 Casey 376; Hawkins's Appeal, 8 Id. 263; Schoch's Appeal, 9 Id. 351; Diller *v.* Brubaker, 2 P. F. Smith 498.

*C. J. Bruner* and *L. H. Kase*, for appellees, were stopped by the court.

The opinion of the court was delivered, February 7th 1870, by

THOMPSON, C. J.—Shartel, on behalf of his wife, who was a daughter of Samuel Weist, deceased, and an heir, entered this appeal from the decree of the Orphans' Court dismissing exceptions to the auditor's report, and in refusing to send it back to the auditor, and in confirming the same. The administrators of Samuel Weist's estate filed and settled an account in the Orphans' Court of Northumberland county, which was confirmed, and one of them by appointment met the heirs and made distribution among them of the funds in hand, and took a release and acquittance from them all, the appellant and his wife included. Afterwards the appellant presented his petition, setting forth alleged errors in the administrators' account, of over and under charges, for and against themselves by the administrators, and also mistakes. The court entertained the petition and referred the matter to an auditor. The auditor found a discrepancy between the amount distributed and the amount standing charged against the administrators, of some $379, and that the commissions $566.30, were exorbitant. But he held that the settlement with the heirs was open, fair and honest, and that they were made acquainted with the true state of the accounts, and that therefore their releases bound them; and with this the learned president of the Orphans' Court concurs, as his opinion shows.

Such releases are undoubtedly looked upon in law with a jealous

[Shartel's Appeal.]

eye; but this is not enough to set them aside. Overreaching in some way, mistake or fraud must be shown, to have that effect. All the cases prove this, and with those cited by the appellant's counsel we fully accord. But where investigation has shown that nothing of the kind exists, the settlement stands. All compromises and settlements by families are maintained, not only as beneficial to themselves, but the law seeks to sustain them as conducing to peace and harmony, where it ought most especially to exist. The discrepancy and the amount of commissions mentioned we must presume were made known and asserted, as the auditor finds the settlement and distribution was fairly and honestly made among the heirs by the administrator. We have this further reason strengthening the presumption: that none of the heirs have complained of the distribution made, or of the accounts of the administrators, excepting the appellant in right of his wife. The elements necessary to set aside the releases, founded on the settlements with the appellee, are certainly wanting in proof, and the releases consequently are now in full force. The auditor was right in his treatment of the exceptions to the accounts of the administrators and to the distribution, and so was the court in dismissing the exceptions to the auditor's report and in confirming the decree.

Decree affirmed and appeal dismissed at the cost of the appellant.